1  John T. Hansen (CA34639)
   jhansen@nossaman.com
2  James H. Vorhis (CA245034)
   jvorhis@nossaman.com
3  Nossaman LLP
   50 California Street, 34th Floor
4  San Francisco, CA 94111
   Telephone: 415.398.3600
5  Facsimile:  415.398.2438

6  FEDERAL DEPOSIT INSURANCE
   CORPORATION as Receiver for Integrity Bank
7

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| MHG CASA MADRONA HOTEL, LLC,<br><br>Debtor, | Case No: 09-12536<br><br>**DECLARATION OF JOHN T. HANSEN IN SUPPORT OF MOTION TO EXCUSE RECEIVER FROM COMPLIANCE WITH BANKRUPTCY CODE SECTION 543(b)(1)**<br><br>Date: October 2, 2009<br>Time: 10:00 a.m. |
|---|---|

240032_1.DOC                                                                                    Case No. 09-12536

DECLARATION OF JOHN T HANSEN IN SUPPORT OF MOTION TO EXCUSE RECEIVER FROM
COMPLIANCE WITH BANKRUPTCY CODE SECTION 543(b)(1)

Case: 09-12536    Doc# 10    Filed: 08/14/09    Entered: 08/14/09 15:29:32    Page 1 of 15

I, John T. Hansen, declare:

1. I am an attorney admitted to practice in the courts of the State of California and all United States District Courts in the State of California. I am a partner in the law firm of Nossaman, LLP, which represents the Federal Deposit Insurance Corporation (FDIC) in this case. The matters stated in this declaration are known to me of my personal knowledge.

2. On April 30, 2009, I caused a complaint to be filed in the United States District Court for the Northern District of California on behalf of the FDIC, seeking the appointment of a receiver for the Casa Madrona Hotel in Sausalito, California. (FDIC v. MHG Casa Madrona Hotel, LLC, No. CV 09-1895 PJH.) On April 30, 2009, the district court (Hon. Phyllis J. Hamilton) signed an Order Appointing Receiver, Temporary Restraining Order and Order to Show Cause, which order appointed Kyle Green as the receiver of the Casa Madrona Hotel. A true and correct copy of the April 30 order is attached hereto as FDIC Exhibit 3.

3. On June 11, 2009, Judge Hamilton entered an Order Confirming Appointment of Receiver and Granting Preliminary Injunction. A true and correct copy of the June 11 order is attached hereto as FDIC Exhibit 4.

4. On July 13, 2009, I caused a Notice of Trustee's Sale to be recorded and published setting a trustee's sale under a deed of trust held by the FDIC as receiver of Integrity Bank for the real and personal property of the Casa Madrona Hotel. The sale was noticed for August 11, 2009 and 10:00 a.m. On August 10, 2009 at 7:04 p.m., MHG Casa Madrona Hotel, LLC filed a petition for relief under chapter 11 of the Bankruptcy Code. I arranged for a postponement of the trustee's sale to October 6, 2009.

I declare under penalty of perjury of the laws of the State of California that I have read the foregoing, that it is true and correct to the best of my knowledge, and that I would be competent to so testify.

Executed at San Francisco, California on August 14, 2009.

*/s/ John T. Hansen*
John T. Hansen

240032_1.DOC - 1 - Case No. 09-12536

Nossaman LLP
John T. Hansen (CA34639)
jhansen@nossaman.com
James H. Vorhis (CA245034)
jvorhis@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438

Attorneys for FEDERAL DEPOSIT
INSURANCE CORPORATION,
as receiver of Integrity Bank,
a Georgia Banking Corporation,
Plaintiff

FILED
APR 3 0 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver of Integrity
Bank, a Georgia Banking Corporation,

    Plaintiff,

vs.

MHG CASA MADRONA HOTEL, LLC, a
Georgia Limited Liability Company,

    Defendant.

Case No. CV-09 1895 PJH

[PROPOSED] ORDER APPOINTING
RECEIVER, TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE

    This matter came on before the undersigned on the motion of the plaintiff, the Federal Deposit Insurance Corporation (FDIC), for the appointment of a receiver of property of the defendant, MHG Casa Madrona, LLC, ("Defendant") and for a temporary restraining order to prevent interference by the Defendant with the receiver, and the Court having found that the FDIC is likely to suffer irreparable harm in the absence of the relief sought and good cause appearing,

235338_1.DOC      1

1   IT IS HEREBY ORDERED that Kyle Green of Hospitality Receiver, LLC, be and hereby is appointed receiver (in such capacity, the "Receiver") in this action over the real and personal property commonly known as the Casa Madrona Hotel and Spa, 801 Bridgeway, Sausalito, California (Subject Property"), subject to the condition that, before entering upon his duties as a receiver, the Receiver shall take the oath and file a bond with a surety thereon approved by this Court in the sum of $ _10,000_____ to secure the faithful performance of his duties as receiver. This appointment shall be effective upon the entry of this order and the filing of the bond.

IT IS FURTHER ORDERED that the Receiver shall have the following powers and responsibilities:

1. To enter, gain access to and take possession of all of the real and personal, tangible and intangible property, including all buildings, improvements, fixtures, goods, documents, books, records, papers and accounts pertaining to the Subject Property; to exclude defendant or anyone claiming under or through Defendant who are not under valid leases or rental agreements; to use, operate, manage and control the Subject Property; to care for, preserve, protect, secure, maintain and lease the Subject Property, or any part thereof, including the hotel units; and to do any and all things to incur the risks and obligations ordinarily incurred by owners, managers and operators of similar businesses and properties, as such Receiver, in order to receive the Rents and to protect the Collateral; and no such risks or obligations so incurred shall be the personal risk or obligation of the Receiver, but shall be the risk or obligation of the receivership estate.

2. To demand, collect, and receive the Rents, income, sales proceeds, or other monies relating to the Subject Property in possession of Defendant, its agents, servants, employees or representatives, and all persons or entities acting under or in concert with Defendant, or that are now due and hereafter due from the tenants, lessees, or other occupants of any portion of the Subject Property ("Rents" and "Collateral");

3.   To take possession of and receive from any and all banks, savings and loan associations and/or any financial institutions any monies and funds on deposit in said banks, savings and loan associations and/or any financial institutions in the name of Defendant, to the extent that said accounts contain the Rents or Collateral, and the Receiver's receipt of said monies and funds shall discharge said banks, savings and loan associations and/or any financial institutions from further responsibility for accounting to said account holder for monies and funds for which the Receiver shall give his or its receipt;

4.   To establish bank accounts and to enter into credit card agreements for the acceptance and deposit of monies and funds collected and received in connection with the Receiver's administration of the receivership estate, at any institution the Receiver deems appropriate, provided that any funds on deposit at said financial institution are fully insured by an agency of the United States government;

5.   To hold the monies coming into possession of the Receiver pursuant to his or its operation of the subject property, and not expended for any of the purposes herein authorized, subject to such other and further orders as this Court may hereinafter issue as to their disposition;

6.   To take possession of all the books and records, ledgers, financial statements, financial reports and all other business records (including, but not limited to, information contained on computers and any and all software relating thereto, as well as all banking records, statements, budgets, personnel records, real estate tax bills, governmental agency permits and approvals, and architectural and engineering drawings for the buildings and improvements) pertaining to the Subject Property, Rents and Collateral, wherever located, as the Receiver deems necessary for the proper administration, management and/or control of the receivership estate, but said books and records shall be made available to Defendant, its agents, servants, employees or its representatives, and all persons or entities acting under or in concert with Defendant as is reasonably necessary;

7. To require Defendant to notify the Receiver upon the Receiver's taking possession of the Subject Property whether or not there is sufficient insurance coverage on the Subject Property. If sufficient insurance coverage does exist, Receiver shall cause all presently existing policies to be amended by adding the Receiver and the receivership estate as additional insureds on those insurance policy(ies) for the period that the Receiver shall be in possession of the Subject Property. If there is insufficient insurance coverage, it is hereby ordered that the Receiver shall have thirty (30) working days to procure said insurance (excluding earthquake and flood insurance) on the Subject Property, provided that the Receiver has the funds available to do so. If the Receiver does not have sufficient funds to do so, the Receiver shall seek instructions from the Court with regard to whether insurance shall be obtained and how it is to be paid for. If consistent with existing law, the Receiver shall not be responsible for claims arising from the lack of procurement or inability to obtain insurance;

8. To execute and prepare any and all documents and to perform any and all acts, either in the name of Defendant or in the Receiver's own name, which are necessary or incidental to preserving, protecting, managing and/or controlling the Subject Property;

9. To negotiate all claims and resolve lawsuits against or relating to the Subject Property.

10. To employ agents, servants, employees, security guards, clerks, accountants, investigators, on-site managers, and other consultants and persons deemed by the Receiver to be necessary or advisable to assist him in performing his duties hereunder and to administer the receivership estate, including the power to enter into a hotel management agreement with PHC Dallas, LLC. and to pay the reasonable value of said services from the funds of the receivership estate;

11. ~~To engage the services of _____ as Receiver's legal counsel, without further application to the Court. The Receiver may pay for such services from the funds of the receivership estate;~~

4

**[PROPOSED] ORDER APPOINTING RECEIVER, TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

12. To institute ancillary proceedings, including, but not limited to, the issuance of subpoenas, conducting and participating in discovery, taking depositions, the pursuit of contempt actions, and otherwise pursue all remedies available by law to ensure compliance with the Receiver's authority granted herein, in this state or in other states and countries as are necessary to preserve and protect the receivership estate, and the Receiver may engage the services of other legal counsel, if necessary, without further application to the Court. The Receiver may pay for such services from the funds of the receivership estate;

13. To apply for, obtain and pay for any lawful license, permit, variance or other governmental approval or fee that the Receiver reasonably believes to be necessary for the maintenance and preservation of the Subject Property; to confirm the existence of, and, to the extent permitted by law, exercise the privileges of any existing license, permit, variance or governmental approval relating to the Subject Property, and to do all things necessary to protect and maintain those licenses, permits, variances and approvals.

14. The Receiver shall not be responsible for payment of any utility bills, unpaid payroll expenses or other unpaid invoices for services or utilities incurred by, or for the benefit of, the Property prior to the Receiver's taking possession of the Property. No utility or other vendor may terminate service or the provision of other goods or services to the Property as a result of the non-payment of pre-receivership obligations, without prior order of this Court.

15. The Defendant, on receipt of a copy of this Order shall provide the Receiver with the Tax Identification number utilized by Defendant for the operation of the Property. The Receiver shall be entitled to utilize the aforementioned Tax Identification number during his operation of the Property;

16. The Receiver is authorized to open all mail addressed to the Defendant at the Property, and to direct the U.S. Postal Service to forward all mail addressed to the Defendant at the Property to the Receiver's office. The Receiver is authorized to make copies of this mail, and then forward this mail to the addressed Defendant(s) at the address provided by Defendant(s) for service;

17. The FDIC is authorized in its sole and absolute discretion, opinion and judgment, to make advances (or to permit an unrelated third party lender to make advances) to the Receiver for expenses incurred by the Receiver relating to the care, preservation and maintenance of the Collateral and the administration of the Receivership Estate. All advances paid by the FDIC to the Receiver shall be deemed advances under and pursuant to the Deed of Trust and shall have the same priority as the advances originally made by Plaintiff pursuant to the terms of the Notes. The Receiver shall issue his Receiver's Certificates in the name of the Receivership Estate evidencing the funds borrowed by the Receiver, and any such borrowing shall be the sole and exclusive responsibility of the Receivership Estate, and no such borrowing or obligation so incurred shall be the personal risk or obligation of the Receiver.

18. To prepare periodic reports reflecting the Receiver's fees and administrative costs and expenses incurred for the period of the Receiver's operation and administration of the receivership estate. Upon service of each statement, the Receiver may disburse from estate funds, if any, the amount of each statement. Notwithstanding periodic payment of fees and expenses, all fees and expenses shall be submitted to the court for its approval and confirmation, in the form of either a properly noticed interim request for fees, stipulation of all parties, or in the Receiver's Final Account and Report. The monthly statements are not to be filed with the Court. Only the Receiver's Interim and Final Accounts and Reports are to be filed with the Court.

19. The Receiver and his related entities shall bear no personal liability for any actions or omissions in conformity with the provisions of this Order and any future orders pertaining to this Receivership.

20. The Receiver and the parties to this case may, at any time, apply to this Court for other or further instructions or orders and for further powers necessary to enable the Receiver to perform the Receiver's duties properly;

21.  Upon receipt by the Receiver of a Trustee's Deed Upon Foreclosure, or notice from Plaintiff that Defendant has cured the defaults existing under Plaintiff's loan documents, or that Plaintiff has accepted a deed in lieu of foreclosure, the Receiver shall turn over possession, custody and control of the Property to either Plaintiff, Defendant, or to the successful purchaser (whichever is appropriate) without further order of this Court. The Receiver shall then be divested of possession, custody and control of the Property and, if consistent with existing law, the Receiver shall have no further liability as to the Property. Discharge of the Receiver shall require a court order after a properly noticed motion approving the Receiver's Final Report and Account and any exoneration of the Receiver's bond.

IT IS FURTHER ORDERED that:

1.  All Rents which are received, or have been received, by Defendant, their agents, servants, employees or its representatives, or any persons or entities acting under or in concert with Defendant, shall be turned over to the Receiver within five (5) days, and that Defendant shall simultaneously, upon said turnover, deliver to the Receiver written verification of the source of all said monies being turned over;

2.  Defendant, their agents, servants, employees or its representatives, or any persons or entities acting under or in concert with Defendant, shall immediately turn over to the Receiver possession of all records, books of account, ledgers, and all documents, papers, software and computer data pertaining to the operation of the Subject Property and the Rents and the Collateral; and

3.  The FDIC and its officers, employees and agents shall have access to inspect the Subject Property, the Rents and the Collateral (upon reasonable advance notice to the Receiver) to enable them to review the same from time to time during the pendency of this Receivership.

4. The Receiver is not authorized to take possession of any monies of Defendant, their agents, servants, employees or its representatives and all persons or entities acting under or in concert with Defendant, except for those monies which are Rents or Collateral.

8

**[PROPOSED] ORDER APPOINTING RECEIVER, TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

## TEMPORARY RESTRAINING ORDER IN AID OF RECEIVER

IT IS FURTHER ORDERED that Defendant, its agents, servants, employees or their representatives, all persons or entities acting under or in concert with Defendant, and all persons or entities now in possession of any part of the Subject Property, and not holding valid leases or rental agreements, shall forthwith surrender their possession thereof to the Receiver, and that all guests, tenants or lessees in possession of any part of the Subject Property, and such other persons or entities as may be lawfully in possession thereof, are hereby directed to attorn as such guests, tenants or lessees to the Receiver, and until further order of this Court, are directed to pay over to the Receiver all Rents, now due and unpaid, or that may hereafter become due, and all persons and entities liable for such Rents are hereby enjoined and restrained from paying any Rents to Defendant, its agents, servants, employees or its representatives, all persons or entities acting under or in concert with Defendant, or its attorneys.

IT IS FURTHER ORDERED that Defendant, its agents, servants, employees or their representatives, all persons or entities acting under or in concert with Defendant shall turn over to the Receiver all of the following pertaining to the Receivership Property (but only to the extent that such items are in their possession, custody or control):

(a) All keys;
(b) All records pertaining to occupancy including by way of illustration but not limitation, all guest ledgers, reservation reports, credit card billings; cash receipts journals;
(c) Any guest or occupant ledgers;
(d) The petty cash fund, if any;
(e) all records of any bank accounts, including bank statements and blank checks,
(f) A current aged account receivables or delinquency report;
(g) An aged listing of all trade payables and other payables;
(h) A copy of any records relating to operating expenses for the Project;
(i) A list of utilities and utility accounts;
(j) Year-end 2008 operating statement and year-to-date 2009 operating statement;
(k) All on-site employee payroll records and employee files and applications;
(l) An inventory of all equipment, furniture, vehicles and supplies for the Project;
(m) All existing service contracts;
(n) All franchise agreements, including all amendments;

(o) All signage agreements, including all amendments;
(p) All pending bids for contractor work;
(q) All insurance policies on the Project and their terms;
(r) All vendor insurance certificates;
(s) Site plans, surveys, specifications, floor plans, drawing, measurements, etc. for the Project;
(t) Documents identifying and summarizing all pending litigation (excluding this action);
(u) All documents, books, records and computer files, computer equipment, software, management files, equipment, furniture, supplies and all passwords needed to access such software and computer files, Email accounts maintained for the Project (and all off-site financial records) including, but not limited to, all records concerning the Income, and the operation and management of the Project; and
(v) Such other records pertaining to the management of the Receivership Property as may be reasonably requested by the Receiver.

IT IS FURTHER ORDERED that Defendant, its agents, servants, employees or its representatives and all persons or entities acting under or in concert with Defendant are restrained and enjoined from engaging in or performing, directly or indirectly, any of the following acts:

1. Demanding, collecting, receiving or in any way diverting or using any of the Rents, including, without limitation, the rents or lease payments from any of the guests, tenants or lessees of the Subject Property;

2. Interfering with or hindering in any way whatsoever the Receiver in the performance of the Receiver's duties herein described and in the performance of any duties incident thereto;

3. Interfering in any manner with the Subject Property, the Rents or the Collateral, including their possession;

4. Transferring, conveying, assigning, pledging, deeding, selling, renting, leasing, encumbering, changing ownership of, vesting of title to, or otherwise disposing of, the Subject Property, the Rents or the Collateral; and

5. Terminating or otherwise affecting any of the utilities that service the Subject Property.

## ORDER TO SHOW CAUSE

IT IS FURTHER ORDERED that the Defendant shall appear before the undersigned on _June 3_, 2009, at _9:00 a_.m. in Courtroom _5_, 450 Golden Gate Avenue, San Francisco, California, then and there to show cause why the appointment of the receiver should not be confirmed and why a preliminary injunction should not issue containing all the terms of the above temporary restraining order.

Dated: _April 30, 2009_

_____
UNITED STATES DISTRICT JUDGE

Any opposition to the motion for preliminary injunction shall be filed and served no later than May 14, 2009. Any reply to the opposition shall be filed and served no later than May 21, 2009.

Nossaman LLP
John T. Hansen (CA34639)
jhansen@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: 415.398.3600
Facsimile: 415.398.2438

Attorneys for FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver of Integrity Bank, a Georgia Banking Corporation, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver of Integrity Bank, a Georgia Banking Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MHG CASA MADRONA HOTEL, LLC, a Georgia Limited Liability Company,<br><br>Defendant. | Case No:  CV 09-1895 PJH<br><br>[~~PROPOSED~~] ORDER CONFIRMING APPOINTMENT OF RECEIVER AND GRANTING PRELIMINARY INJUNCTION |

The motion of the plaintiff for an order confirming the appointment of the receiver and for a preliminary injunction came on before the undersigned on order to show cause on June 3, 2009. John T. Hansen, Nossaman, LLP, appeared for the plaintiff. There were no other appearances. The Court finds, based on the declaration of John T. Hansen, that adequate notice of the order to show cause hearing was provided to defendant and that known creditors of the defendant were also served with notice. The Court further finds that Kyle Green, the receiver appointed by the court, has qualified to serve as receiver by filing his bond and oath of office. The Court received no opposition to the motion.

237563_1.DOC                                                     1
ORDER CONFIRMING APPOINTMENT OF RECEIVER AND GRANTING PRELIMINARY INJUNCTION

Wherefore, good cause having been shown,

IT IS ORDERED that the appointment of Kyle Green as the receiver of the real and personal property of the defendant is confirmed.

IT IS FURTHER ORDERED that the Temporary Restraining Order in Aid of Receiver entered herein on May 1, 2009, shall be deemed a preliminary injunction pursuant to Rule 65(a), F. R. Civ. P.

Dated: 06/11/09



Hon. Phyllis J. Hamilton
United States District Judge

ORDER CONFIRMING APPOINTMENT OF RECEIVER AND GRANTING PRELIMINARY INJUNCTION