1  John T. Hansen (CA34639)
   jhansen@nossaman.com
2  James H. Vorhis (CA245034)
   jvorhis@nossaman.com
3  Nossaman LLP
   50 California Street, 34th Floor
4  San Francisco, CA 94111
   Telephone: 415.398.3600
5  Facsimile:  415.398.2438

6  FEDERAL DEPOSIT INSURANCE
   CORPORATION as Receiver for Integrity Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| MHG CASA MADRONA HOTEL, LLC, | Case No: 09-12536 |
|---|---|
| Debtor, | **DECLARATION OF CHARLES P FARRELL, JR., IN SUPPORT OF MOTION TO EXCUSE RECEIVER FROM COMPLIANCE WITH BANKRUPTCY CODE SECTION 543(b)(1)**<br><br>Date: October 2, 2009<br>Time: 10:00 a.m. |

I, Charles P. Farrell, Jr., declare:

1. I am currently employed by the Federal Deposit Insurance Corporation (FDIC) in its capacity as receiver of Integrity Bank of Alpharetta, Georgia. The matters stated in the declaration are known to me of my own personal knowledge, except as to matters stated on information and belief, which I believe to be true.

2. I am assigned to the account of the Debtor in this case, as its is the largest single borrower of Integrity Bank.

3. The Debtor executed three notes in favor of Integrity Bank, as follows:

   a. A note dated May 3, 2005, in the principal amount of $29,550,000;

   b. A note dated June 26, 2007 (Printer Row "Replacement Note") in the principal amount of $12,494,761.89; and

   c. A note dated June 26, 2007 (Melbourne Hotel Investors "Replacement Note") in the principal amount of $6,653,271.97.

   Each of the three notes is secured by one of two deeds of trust which secured real property and personal property located at 810 Bridgeway, Sausalito, California, known as the Casa Madrona Hotel and Spa.

4. Each of the above notes is currently in default, and the amounts required to cure the defaults, as of August 11, 2009, are:

   a. May 3, 2005 Note = $39,513,936.13, plus $9,850.00 per day interest and fees and costs to be determined;

   b. June 26, 2007 Printers Row Replacement Note = $15,870,104.63, plus $2,863.38 per day and fees and costs to be determined; and

   c. June 26, 2007 Melbourne Hotel Investors Replacement Note = $8,450,319.44, plus $1,524.70 per day interest and fees and costs to be determined.

   d. MHG Casa Madrona, LLC has never made any payment to Integrity Bank or the FDIC on account of these three notes.

5. Based on information in the files which are in my custody and control, representatives of the FDIC have spoken with Guy Mitchell, the president of the MHG Casa

Madrona Hotel, LLC, on several occasions requesting a plan for repayment of the notes and financial and other information regarding the Casa Madrona Hotel and Mr. Mitchell personally. (Mr. Mitchell guaranteed the defendant's notes.) The FDIC has not received any information in response to these requests. Based on an analysis done for the FDIC based on publicly available information, the FDIC believes that the current fair market value of the hotel property is no greater than $15,500,000.00.

6. I am informed and believe that in or about December 2008 Mr. Mitchell breached an operating agreement for management of the hotel with The West Paces Hotels Group, LLC and thereafter until May 1, 2009, when a federal court receiver was appointed over the property, Mr. Mitchell was personally responsible for the hotel's management. Attached hereto as Exhibits FDIC 1 and FDIC 2 are copies of letters from counsel for the West Paces Hotel Group regarding the termination of the services of the management company. Copies of these letters were sent to the FDIC offices at the Integrity Bank in Alpaharetta Georgia, and were received and have been maintained by the FDIC in the ordinary course of its business.

7. On or about October 23, 2008, Integrity Bank obtained a report on property taxes due and unpaid for the Casa Madrona Hotel. The report shows that property taxes on the hotel are past due since April 10, 2007 and that the amount of property taxes due as of October 2008 is at least $474,972.24. I am informed and believe that additional real property taxes and penalties have accrued and are owing since October 2008.

I declare under penalty of perjury under the law of the State of Georgia that the foregoing is true and correct to the best of my knowledge, except as to matters stated on information and belief, which I believe to be true.

Executed on August 12, 2009, at Alpharetta, Georgia.

*/s/ Charles P. Farrell, Jr.*

Case: 09-12536  Doc# 13  Filed: 08/14/09  Entered: 08/14/09 15:33:44  Page 3 of 9

# GARDERE

*attorneys and counselors* ▪ *www.gardere.com*

Direct: (214) 999-4287
Fax: (214) 999-3287
crisman@gardere.com

December 11, 2008

**VIA OVERNIGHT MAIL**

MHG Casa Madrona Hotel, LLC
3420 Bird Avenue
Coconut Grove, Florida 33173
Attn: Guy Mitchell

    Re:    *Operating Agreement (the "__Operating Agreement__") dated February 27, 2006 by and between MHG Casa Madrona Hotel, LLC ("__Owner__") and The West Paces Hotels Group, LLC ("__Operator__") with regard to Casa Madrona, Sausalito, California (the "__Hotel__")*

Mr. Mitchell:

    We represent and write this letter on behalf of Operator. We are writing to you regarding the Operating Agreement. All capitalized terms used herein and not otherwise defined shall have the meanings given to such terms in the Operating Agreement.

    It is our understanding that on or about December 10, 2008 you wrongfully instructed the bank that holds the Hotel's Operating Account, Wells Fargo Branch #540 located at 715 Bridgeway, Sausalito, California, 94965 (the "**Bank**") to transfer the contents of the Operating Account (the "**Wrongfully Transferred Amount**") to another account that is not affiliated with the Hotel or the operation of the Hotel by Operator. Moreover, you also instructed the Bank to change the authorized signatories for the Operating Account from the Operator's designees (the "**Wrongfully Changed Signatories**"). Both of these actions are in violation of the Operating Agreement and are likely criminal in nature.

    Section 5.1 of the Operating Agreement states that the Operator, and not Owner, shall have sole signatory authority for the Operating Account and sole authority to make any type of withdrawal from the Operating Account.

GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower, 1601 Elm Street, Dallas, Texas 75201-4761 ▪ 214.999.3000 Phone ▪ 214.999.4667 Fax
Austin ▪ Dallas ▪ Houston ▪ Mexico City

Demand is hereby made that Owner pay the Wrongfully Transferred Amount to Operator in good funds by 5:00 pm EST on December 22, 2008. If the Wrongfully Transferred Amount is not timely paid as herein demanded, as a consequence of Owner's Event of Default, Operator reserves the right to immediately terminate the Operating Agreement pursuant to Sections 11.1(a) and 3.3 of the Operating Agreement.

Operator hereby reserves all rights and remedies under the Operating Agreement, including without limitation, the right to bring suit for any current or future unpaid amounts owing pursuant to the Operating Agreement or your actions related to the Wrongfully Transferred Amounts and the Wrongfully Changed Signatories.

*As you are aware, the Wrongfully Transferred Amount was to be used for payroll for Hotel Employees and payment of other Gross Operating Expenses at the Hotel. Notwithstanding the foregoing paragraphs of this letter, if Owner does not pay the Wrongfully Transferred Amount to Operator in good funds by 5:00 pm EST on December 12, 2008, Operator will immediately commence sending Hotel Employees home and removing guests from the Hotel in order to minimize ongoing Gross Operating Expenses such as payroll and mitigate further Working Capital shortfalls.*

Should you have any questions with regard to this letter please do not hesitate to contact the undersigned.

Very sincerely yours,

Clifford J. Risman

CJR:kt

cc: Guy Mitchell (via overnight mail)
14 Tahiti Beach Island Road
Miami, Florida 33143

Troutman Sanders LLP (via overnight mail)
Bank of American Plaza
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308-2216
Attn: John E. Buehner, Esq.

Federal Deposit Insurance Corporation (via overnight mail)
As Receiver for INTEGRITY BANK
PO Box 2008
11138 State Bridge Road

Alpharetta, Georgia 30022
Attn: Larry Glazener, Gina Micalizio, or David Edwards

Robinson, Jampol, Schleicher & Jacobs LLP (via overnight mail)
500 NorthWinds Center West
11625 Rainwater Drive, Suite 350
Alpharetta, Georgia 30004
Attn: Michael E. Jacobs

Wells Fargo Branch #540 (via overnight mail)
715 Bridgeway
Sausalito, California 94965
Attn: Anderson Silvira

# GARDERE

*attorneys and counselors* ▪ *www.gardere.com*

Direct: (214) 999-4763
Fax: (214) 999-3763
kthiessen@gardere.com

February 5, 2009

**VIA OVERNIGHT MAIL**

MHG Casa Madrona Hotel, LLC
3420 Bird Avenue
Coconut Grove, Florida 33173
Attn: Guy Mitchell

Re: *Operating Agreement (the "Operating Agreement") dated February 27, 2006 by and between MHG Casa Madrona Hotel, LLC ("Owner") and The West Paces Hotels Group, LLC ("Operator") with regard to the Casa Madrona, Sausalito, California (the "Hotel")*

Dear Mr. Mitchell:

We represent and write this letter on behalf of Operator. We are writing to you regarding the Operating Agreement. All capitalized terms used herein and not otherwise defined shall have the meanings given to such terms in the Operating Agreement.

On December 11, 2008, Operator notified Owner of one or more defaults by Owner and made demand that Owner cure such defaults. To date, Owner has failed and refused to honor this demand. Owner's failure to honor this demand constitutes an Event of Default under Section 11.1(a) of the Agreement.

This letter shall serve as notice that Operator hereby exercises its right to terminate the Agreement pursuant to Section 3.3(a) of the Agreement. The termination will be effective February 6, 2009 at 11:59 pm (PST). Please contact Bob Warman at (404) 842-7282 (bwarman@westpaceshotels.com) to coordinate the termination procedure and any necessary details.

Operator intends to continue to honor all of Operator's obligations as set forth in the Agreement during the term of the Agreement and thereafter. We expect Owner to honor its current, ongoing and future obligations during the term of the Agreement and thereafter as well. Operator will make itself available, at Owner's convenience, to discuss transition related matters.

GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower, 1601 Elm Street, Dallas, Texas 75201-4761 ▪ 214.999.3000 Phone ▪ 214.999.4667 Fax
Austin ▪ Dallas ▪ Houston ▪ Mexico City

Case: 09-12536   Doc# 13   Filed: 08/14/09   Entered: 08/14/09 15:33:44   Page 7 of 9

FDIC 2

Operator herby reserves all rights and remedies under the Agreement, including, without limitation, the right to bring suit for any current or future unpaid amounts owing pursuant to the Agreement (whether demanded pursuant to the December 11, 2008 letter or otherwise).

Should you have any questions with regard to the Agreement or Operator's termination of the Agreement pursuant to this letter, please contact either the undersigned or Bob Warman.

Very sincerely yours,

Karen Thiessen

KLT:bew

cc: The West Paces Hotel Group LLC (via e-mail)
3384 Peachtree Road, Suite 375
Atlanta, Georgia 30326
Attn: Horst Schulze

Guy Mitchell (via overnight mail)
14 Tahiti Beach Island Road
Miami, Florida 33143

Ramsey Law Group (via e-mail)
250 Lafayette Circle, Suite 107
Lafayette, California 94549
Attn: Hussein Saffouri

Troutman Sanders LLP (via overnight mail)
Bank of American Plaza
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308-2216
Attn: John E. Buehner, Esq.

Federal Deposit Insurance Corporation (via overnight mail)
As Receiver for INTEGRITY BANK
PO Box 2008
11138 State Bridge Road
Alpharetta, Georgia 30022
Attn: Larry Glazener, Gina Micalizio, or David Edwards

Robinson, Jampol, Schleicher & Jacobs LLP (via overnight mail)
500 NorthWinds Center West

11625 Rainwater Drive, Suite 350
Alpharetta, Georgia 30004
Attn: Michael E. Jacobs