1 | John T. Hansen (CA34639)
jhansen@nossaman.com
2 | James H. Vorhis (CA245034)
jvorhis@nossaman.com
3 | Nossaman LLP
50 California Street, 34th Floor
4 | San Francisco, CA 94111
Telephone: 415.398.3600
5 | Facsimile: 415.398.2438

6 | FEDERAL DEPOSIT INSURANCE
CORPORATION as Receiver for Integrity Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| MHG CASA MADRONA HOTEL, LLC,<br><br>Debtor, | Case No: 09-12536<br><br>**DECLARATION OF JEREMY GAUNT IN SUPPORT OF MOTION TO EXCUSE RECEIVER FROM COMPLIANCE WITH BANKRUPTCY CODE SECTION 543(B)(1)**<br><br>Date: October 2, 2009<br>Time: 10:00 a.m. |
|---|---|

240000_1.DOC    1    Case No. 09-12536

DECLARATION OF JEREMY GAUNT IN SUPPORT OF MOTION TO EXCUSE RECEIVER FROM COMPLIANCE WITH BANKRUPTCY CODE SECTION 543(B)(1)

Case: 09-12536    Doc# 14    Filed: 08/14/09    Entered: 08/14/09 15:35:10    Page 1 of 4

I, Jeremy Gaunt, declare:

1. I am currently employed as the Assistant General manager of Casa Madrona Hotel & Spa ("Casa Madrona") in Sausalito, California. I have worked at Casa Madrona since April 2007. I was the general manager of Casa Madrona from February 8, 2009 until the receiver put a new general manager in place in June 2009. The matters stated in this declaration are known to me of my own personal knowledge, except as to matters stated on information and belief, which I believe to be true.

2. It was very difficult working at Casa Madrona when Guy Mitchell, the president of the debtor, operated the hotel. Casa Madrona was frequently unable to pay its bills, and on multiple occasions failed to timely pay Casa Madrona employees. On multiple occasions when Casa Madrona did not have the funds to cover its entire payroll, I personally delayed depositing my paycheck for several weeks to ensure that other employees could deposit their paychecks. When Casa Madrona eventually closed its corporate charge accounts, the management staff, including me, had to pay for certain hotel goods personally.

3. On February 8, 2009, I was promoted to hotel General Manager and was instructed to reduce hotel payroll by 30%. This request to slash payroll was made despite the fact Casa Madrona was already understaffed.

4. In March 2009 I was notified that several employees' paychecks were returned because there were insufficient funds in Casa Madrona's payroll account. I contacted the payroll company and they notified me that entire payroll, including payroll taxes, was not funded. When I notified Mr. Mitchell of this issue, he did nothing to rectify the situation. Mr. Mitchell blamed me for not monitoring hotel funds even though he had removed my bank account access and signing privileges in December 2008. Over the next two weeks the payroll company closed our account due to non-payment. Ultimately, the payroll company agreed to draft checks on the owner's account but would not arrange for the payment of payroll taxes.

DECLARATION OF JEREMY GAUNT IN SUPPORT OF MOTION TO EXCUSE RECEIVER FROM COMPLIANCE WITH BANKRUPTCY CODE SECTION 543(B)(1)

Case: 09-12536   Doc# 14   Filed: 08/14/09   Entered: 08/14/09 15:35:10   Page 2 of 4

5. In March 2009, Casa Madrona's website was shut down due to non-payment. This dramatically affected hotel revenues and caused employee morale to suffer. Mr. Mitchell would not negotiate or assist in efforts to have the website reestablished. The management staff was forced to find a new webhost to build a new website. Ultimately, management staff found a new company to rebuild the hotel's website at minimal cost.

6. In April 2009 more vendors refused to do business with Casa Madrona due to non-payment. At that juncture, Mr. Mitchell was approving payment to very few vendors. Casa Madrona was months behind on vendor accounts for even the most basic needs, including utilities. The utility companies were even issuing weekly disconnection notices.

7. In April 2009, Mr. Mitchell informed me that he would no longer be paying employee benefits such as vacation, paid time off, sick leave. uniform cleaning, etc. The staff lost the entirety of their accrued vacation balances. This further demoralized the staff.

8. The appointment of the receiver has been beneficial to both the hotel and its employees. The receiver has been very involved in the hotel operations, and by his actions has greatly improved employee morale. The hotel and its staff are again operating at a level that its guests expect. Casa Madrona has functioned much more efficiently with the improved day-to-day operational support implemented by the receiver. In addition, the receiver hired an extremely hands-on regional sales manager and reinstated advertising campaigns, both of which have helped boost hotel sales. This exposure has increase the hotel's occupancy figures and revenues. The receiver has also repaired several damaged vendor relationships.

9. Employee morale has also improved since the appointment of the receiver because comprehensive medical, dental, and vision plans were implemented, as were vacation and paid time off benefits.

10. I would like the receiver to remain in possession of Casa Madrona. The receiver has provided a great deal of guidance in the little time that has elapsed since his appointment.

240000_1.DOC 3 Case No. 09-12536

DECLARATION OF JEREMY GAUNT IN SUPPORT OF MOTION TO EXCUSE RECEIVER FROM COMPLIANCE WITH BANKRUPTCY CODE SECTION 543(B)(1)

Case: 09-12536    Doc# 14    Filed: 08/14/09    Entered: 08/14/09 15:35:10    Page 3 of 4

1 The receiver has also mended the damaged reputation Casa Madrona endured at the hands of
Mr. Mitchell.

11. If the debtor is again given possession of Casa Madrona, and Guy Mitchell is at all involved in hotel operations, I will leave my position as Assistant General Manager of Casa Madrona. I do not desire to ever work for Mr. Mitchell again.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct to the best of my knowledge, except as to matters stated on information and belief, which I believe to be true.

Executed on August 13, 2009, at Sausalito, California.

_____
Jeremy Gaunt

SF_IMAN_240000_1 (2)　　　　　　　　　　4　　　　　　　　　　Case No. 09-12536

DECLARATION OF JEREMY GAUNT IN SUPPORT OF MOTION TO EXCUSE RECEIVER FROM COMPLIANCE WITH BANKRUPTCY CODE SECTION 543(B)(1)

Case: 09-12536　Doc# 14　Filed: 08/14/09　Entered: 08/14/09 15:35:10　Page 4 of 4