Randy Michelson (SBN 114095)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone: 415.512.8600
Facsimile: 415.512.8601
randy.michelson@michelsonlawgroup.com

Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re MHG Casa Madrona, LLC, | Case No. 09-12536 |
|---|---|
| Debtor. | Chapter 11 |
| | FINAL FEE APPLICATION OF CHAPTER 11 TRUSTEE |
| | Date: April 2, 2010<br>Time: 10:30 a.m.<br>Place: 99 South "E" Street<br>Santa Rosa, CA 95404 |

**TO THE HONORABLE ALAN JAROSLOSVKY, UNITED STATES BANKRUPTCY JUDGE:**

Randy Michelson, the Chapter 11 Trustee for MHG Casa Madrona, LLC (the "Debtor"), hereby submits her Final Fee Application ("Application") for allowance of compensation for services rendered and reimbursement of expenses incurred. The Trustee seeks final approval for $47,340 in fees and $259.86 in expense reimbursement, for a total of $47,599.86 for the period from October 5, 2009 to February 28, 2010 plus reasonable fees and costs actually incurred (including, without limitation, for finalizing this Application, attending the hearing on this

matter, filing the final monthly operating report and facilitating the conversion or dismissal of this case), in an amount not to exceed $5000, through the date of conversion or dismissal of the case (the "Application Period"). The Trustee has not submitted any prior request for compensation in this case or received any compensation.

The Application is submitted pursuant to Bankruptcy Code sections 326, 330(a) and 503(b)(2), Federal Rule of Bankruptcy Procedure ("FRBP") Rule 2016(a), the Local Rules of Practice for the United States Bankruptcy Court, Northern District of California ("LBR"), the Guidelines for Reviewing Applications for Professional Compensation published by the United States Trustee pursuant to Section 330, and the Guidelines issued by the United States Trustee for Region 17 (together, the "Guidelines"). The Application is based on the Declaration of Randy Michelson (the "Michelson Declaration) filed in support of the Application, the record in the case, and any argument as may be presented at or before the hearing.

## I. CASE BACKGROUND AND STATUS

### A. The Chapter 11 Case.

The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 10, 2009. The Office of the United States Trustee appointed the Trustee pursuant to orders of the Court entered on October 5 and October 8, 2009.

The Debtor operated a 62 room hotel, known as the Casa Madrona Inn and Spa, located in Sausalito, California (the "Property"). The Trustee operated the Property in accordance with section 1108 of the Bankruptcy Code from the date of her appointment through February 2, 2010.

The Federal Deposit Insurance Corporation ("FDIC"), as receiver for Integrity Bank, filed a complaint against the Debtor in the United States District Court for the Northern District of California and, in April 2009, that court appointed Kyle Green (the "Receiver") as receiver for

2

FINAL FEE APPLICATION OF CHAPTER 11 TRUSTEE
Case: 09-12536   Doc# 149   Filed: 03/03/10   Entered: 03/03/10 16:33:03   Page 2 of 12

the Property. The FDIC also began a non-judicial foreclosure action against the Debtor. The Receiver remained in possession of the Property until the Trustee's appointment.

At the time of the Trustee's appointment, a final hearing on the FDIC's first motion for relief from the automatic stay was pending. In that motion, the FDIC sought to conduct a trustee's sale under its deed of trust with respect to the Property.

On November 12, 2009, the Court held a final hearing on the first motion of the FDIC for relief from stay to permit the FDIC to foreclose on the assets of the estate. At the conclusion of the evidentiary hearing, the Court modified the automatic stay to permit the FDIC to foreclose if the Debtor did not confirm a plan within 120 days of November 12, 2009. The order permitted the FDIC to apply for relief from the stay earlier in the event that the Debtor's real property taxes were not paid on December 10, 2009.

After reviewing the estate's cash position and projections, the Trustee concluded that she did not have adequate cash to pay the substantial real estate taxes on the Property that were due on December 10, 2009. The Trustee understands that the property taxes were not paid by Guy Mitchell, the Debtor's principal.

Because the final hearing on the FDIC's initial motion for stay relief was scheduled a few weeks after her appointment and an order granting that motion effectively would have made continuation of the case as a Chapter 11 case unlikely, the Trustee did not immediately retain professionals to advise her. When it appeared following the November 12, 2010 hearing that the Trustee would remain in place, the Trustee filed applications to employ Freidman, Dumas & Springwater, LLP ("FDS") as counsel and Garhwal, Chan & Williams ("Garhwal"), as accountants. Those applications were granted.

There was keen interest in the Property from prospective purchasers. The Trustee proposed to the FDIC that she would market the Property in order to sell it at the highest possible price through a sale pursuant to section 363 of the Bankruptcy Code. The FDIC considered the Trustee's proposal and advised her that it supported her efforts to sell the Property.

After conferring with the FDIC and others about an appropriate broker, the Trustee selected CB Richard Ellis, Inc. ("CBRE") as her broker, and sought and received an order authorizing its employment. The Trustee and her professionals, including her broker and attorneys, were well down the path toward a section 363 sale. Indeed, they were negotiating the terms of a complex stalking horse bid when the FDIC changed course and filed a second motion for relief from the automatic stay to permit it to foreclose on the Property.

The Court granted the FDIC's second motion for relief from stay. The Trustee continued to manage the Property through February 2, 2010. On February 2, 2010, the Property was sold for approximately $11.4 million.

**B.  Cash on Hand.**

The Debtor's most recent Monthly Operating Report for January 2010 shows a total cash balance at the end of January 31, 2010 of $412,892.

The Trustee is current on the filing of Monthly Operating Reports and has paid the fees of the Office of the United States Trustee.

**C.  Appointment of Professionals.**

On January 20, 2010, the Court entered an order appointing FDS as counsel to the Trustee. On January 21, 2010, the Court entered an order appointing Garhwal as accountants to the Trustee. On January 21, 2010, the Court entered an order appointing CBRE as broker to the Trustee.

4
FINAL FEE APPLICATION OF CHAPTER 11 TRUSTEE
Case: 09-12536   Doc# 149   Filed: 03/03/10   Entered: 03/03/10 16:33:03   Page 4 of 12

**II. SUMMARY OF THE TRUSTEE'S FEES AND EXPENSES**

**A. Fees By Project Category.**

The Trustee's work in this case is summarized below by billing category. A detailed record of the Trustee's services as reflected in the Trustee's time records is attached as Exhibit A to the Michelson Declaration. The following chart summarizes categories of services the Trustee provided and renders an accounting of the time and dollars expended in each category. Detailed in Section V below is a narrative summary for each of the categories for which services were provided.

| Project Category | Hours | Amount |
|---|---|---|
| B110 - Case Administration | 48.3 | $21,735 |
| B120 - Asset Analysis/Recovery | 5.0 | 2,250 |
| B130 – Asset Disposition | 25.7 | 11,565 |
| B140 – Stay Litigation | 16.7 | 7,515 |
| B160 – Employment and Compensation of Professionals | 9.5 | 4,275 |
| **Total** | 105.2 | $47,340 |

**B. Summary of Expenses.**

The total expenses incurred by the Trustee during the Application Period were $259.86. A summary of the expenses incurred is listed by category below.

5

FINAL FEE APPLICATION OF CHAPTER 11 TRUSTEE
Case: 09-12536   Doc# 149   Filed: 03/03/10   Entered: 03/03/10 16:33:03   Page 5 of 12

| Description | Amount |
|---|---|
| Photocopying Charges (.10¢/page) | $ 89.00 |
| Pacer | 0.40 |
| Postage | 4.96 |
| Local Travel (mileage at 55¢ per mile; bridge tolls and parking) | 165.50 |
| **Total** | **$ 259.86** |

C.  **Compliance with Rules and Guidelines.**

As stated in the Michelson Declaration, the Trustee believes this Application complies with Rule 2016 of the FBR and with the LBR and Guidelines. The Trustee has no agreement, written or oral, express or implied, with any person or entity to share any compensation received nor will any sharing be made. The Trustee's hourly rate is $450. A copy of her resume is attached to the Michelson Declaration as Exhibit B. All compensation and expense reimbursements requested by the Trustee have been billed at rates in accordance with practices no less favorable than those customarily employed and generally accepted by clients of the Trustee's law firm. Between her appointment and February 28, 2010, the Trustee disbursed $553.775.10 for goods and services provided to the estate. As indicated above, the last monthly operating report showed cash of $412,892. Additional receipts are likely to be recovered prior to the conversion or dismissal of the case. To the extent the cap of Bankruptcy Code section 326 is applicable to this Application, the capped amount on $1,000,000 would be $34,250. The Trustee submits that any fees and expenses in excess of the cap (approximately $13,090) are compensable in accordance with Bankruptcy Code section 506(c) as the reasonable and

6

necessary costs of preserving the Property for the benefit of the FDIC and enabling the FDIC to foreclose on an operating hotel at a purchase price of $11,400,000.

## III. DESCRIPTION OF SERVICES BY BILLING CATEGORY

### A. Category B110 - Case Administration (48.3 hours)

The Trustee managed the Chapter 11 case and was responsible for the Property, a functioning hotel and spa, during the Application Period. Upon her appointment, the Trustee coordinated the turnover of the assets of the estate from the Receiver. She conferred with counsel for the key constituents, including the Debtor and the FDIC. She listened to the recording of the first session of the meeting of creditors under section 341(a) of the Bankruptcy Code, which meeting predated her appointment. She prepared for the continued section 341(a) meeting and questioned the responsible individual of the Debtor, Guy Mitchell. She toured the Property and met with hotel staff. She oversaw financial and operational issues throughout the Application Period. She worked on the monthly operating reports. She communicated frequently with hotel staff. The Trustee prepared a status conference statement and appeared at a status conference before she retained counsel.

| Case Administration | Hours | Amount |
|---|---|---|
| Randy Michelson | 48.3 | $21,735 |

7

FINAL FEE APPLICATION OF CHAPTER 11 TRUSTEE
Case: 09-12536   Doc# 149   Filed: 03/03/10   Entered: 03/03/10 16:33:03   Page 7 of 12

B. **Category B120 – Asset Analysis/Recovery (5.0 hours)**

The Trustee reviewed the Debtor's bankruptcy court filings and records with respect to the availability of recoveries for unsecured creditors. She reviewed the Debtor's leases and its potential claims against tenants. She spoke with counsel for the Debtor about a pre-petition arbitration in favor of the Debtor that was in the process of being confirmed as a judgment on the petition date. She interviewed a forensic accountant regarding the pursuit of certain claims in this regard.

| Asset Analysis/Recovery | Hours | Amount |
|---|---|---|
| Randy Michelson | 5.0 | $2250 |

C. **Category B130 – Asset Disposition (25.7 hours)**

As noted above, following the final hearing on the first stay relief motion, the Trustee suggested to the FDIC that the value of the Property could be maximized through a 363 sale process. The FDIC advised the Trustee that it agreed to such a process. Accordingly, the Trustee retained a broker with extensive hotel marketing experience. She coordinated the assembly of materials for the broker and for due diligence by prospective purchasers. She communicated frequently with interested parties and their representatives. She received two purchase offers. One of these, from the party which ultimately bought the property at the foreclosure sale, was a complex stalking horse bid. The Trustee managed negotiations about that bid, increasing its amount by some $1,000,000.

| Asset Disposition | Hours | Amount |
|---|---|---|
| Randy Michelson | 25.7 | $11565 |

D. **Category B140 - Relief from Stay (16.7 hours)**

This category includes work regarding the two motions for relief from the automatic stay filed by the FDIC. The Trustee assisted the parties in obtaining necessary access and

information for their appraisers to prepare for the stay relief hearing.  She reviewed the pleadings submitted by the Debtor and the FDIC.  She attended the final evidentiary hearing on the first stay relief motion.  Following that, she reviewed the budget and projections to determine whether the estate had adequate resources to pay the real estate taxes due in December 2009.  She then reviewed the pleadings filed in connection with the second stay relief motion brought by the FDIC.  She conferred with her counsel about that motion and the hearing on it.  Following the granting of that motion, the Trustee communicated with the FDIC, the Debtor, prospective purchasers, tenants and creditors about the outcome of the stay relief motion.

| Relief from Stay | Hours | Amount |
|---|---|---|
| Randy Michelson | 16.7 | $7515 |

E.         Category B160 – Employment and Compensation of Professionals (9.5 hours)

This category involves the Trustee's retention of FDS as counsel, Garhwal as accountants and CBRE as broker.  It includes the review of engagement letters and employment applications for those professionals.  It also includes the preparation by the Trustee of this Application.  The time specifically devoted to the preparation of this Application was 5.0 hours, for a total of $2250, or 4.7% of the total amount of this Application.

| Employment/Compensation | Hours | Amount |
|---|---|---|
| Randy Michelson | 9.5 | $4275 |

IV.        **FACTORS TO BE CONSIDERED**

Pursuant to Bankruptcy Code sections 326 and 330, the Court may award the Trustee reasonable compensation for actual, necessary services rendered, and reimbursement for actual, necessary expenses incurred.  In *Burgess v. Kelnske (In re Manoa Finance Inc.)*, 853 F.2d 687

9
FINAL FEE APPLICATION OF CHAPTER 11 TRUSTEE
Case: 09-12536    Doc# 149    Filed: 03/03/10    Entered: 03/03/10 16:33:03    Page 9 of 12

(9th Cir. 1988), the Ninth Circuit identified facts to assess the propriety of an attorneys' fees award. Those factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Many of these factors are also found in Bankruptcy Code section 330(a)(3). Some of these factors are discussed below.

(a) **Time and labor required (11 U.S.C. § 330(a)(3)(A).** The Trustee has devoted substantial time and energy to this matter, as is shown in the billing statement. This enabled the Property to continue operating during the bankruptcy case, which undoubtedly resulting in a higher price for the FDIC at the foreclosure sale.

(b) **Novelty and difficulty of the questions (11 U.S.C. § 330(a)(3)(D)).** The Trustee is skilled in handling complex chapter 11 cases and has special bankruptcy knowledge which enabled her to render services of benefit to the estate. Her knowledge of the interaction between the receiver and the bankruptcy case was also beneficial to the estate.

(c) **Skill requisite to perform the services properly (11 U.S.C. § 330(a)(3)(D)).** Ms. Michelson is skilled in handling bankruptcy cases and has special knowledge derived from 25 years of representing parties-in-interest in complex chapter 11 cases. Her work enabled the Property to operate during the bankruptcy case, resulting in a benefit to creditors.

(d) **Customary fees (11 U.S.C. § 330(a)(3)(B) and (E)).** The rates charged by Trustee are the Trustee's standard billing rates, which are the same rates as generally charged to her non-debtor clients, except that her billing rates, which increased on January 1, 2010, did not

increased in this matter in 2010. The Trustee requests that this Court find that the foregoing hourly rates are reasonable.

(e) **Experience, reputation and ability of counsel**. Randy Michelson has over twenty-five years of bankruptcy experience. She has been the president of the Bay Area Bankruptcy Forum and the California Bankruptcy Forum and chair of the Commercial Law and Bankruptcy Section of the Bar Association. She currently is president of the Bay Area Receivers Forum. She enjoys a high reputation for quality work and integrity in the legal community.

(f) **Professional relationship with the client.** The Trustee has no relationship with the U.S. Trustee, the Debtor, or its creditors.

(g) **11 U.S.C. § 330(a)(3)(F).** The Trustee believes that the compensation sought by this motion is consistent with that charged by comparably skilled practitioners.

In addition to the following factors, section 330(a)(3)(C) also examines whether the services were necessary to the administration of the bankruptcy case. The Trustee believes that all of her services have been necessary to the administration of this case and have benefitted this estate.

## VI. CONCLUSION

The Trustee respectfully requests that this Court enter an order:

(a) authorizing the allowance and directing immediate payment of her fees and costs as follows:

1. Final compensation in the amount of $47,340 in fees and $259.86 in expense reimbursement, for a total of $47,599.86 for the period from October 5, 2009, through February 28, 2010, plus

2. Reasonable fees and costs actually incurred (including, without limitation, for finalizing this Application, attending the hearing on this matter, filing the final monthly operating report and facilitating the conversion or dismissal of this case) in an amount not to exceed $5000; and

11

1     (b) granting such other and further relief as the Court may deem just and proper.

2

DATED: March 3, 2010

3

4                        By: /s/ Randy Michelson

5                                Randy Michelson
                                 Chapter 11 Trustee

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

12

FINAL FEE APPLICATION OF CHAPTER 11 TRUSTEE